IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.  11-CV-0839-MJR |
| WEXFORD HEALTH SOURCES, INC., ) | |
| DENNIS LARSON, CHRISTINE BROWN, ) | |
| ANGEL RECTOR, LOUIS SHICKER, ) | |
| R. SHUTE, RANDY DAVIS, ) | |
| ROD BLAGOHEVICH, DR. AGRAWAL, ) | |
| BRENDA PAULSMEYER, MARY DOLCE, ) | |
| G. TAYLOR, K. DEEN, ) | |
| SHERRY BENTON, O. OBADINA, ) | |
| ADMINISTRATIVE REVIEW BOARD, ) | |
| PAT QUINN, S. A. GODINEZ, ) | |
| JANET ROBERTS, ROBERTA FEWS, ) | |
| H. BRYANT, NURSE MELVIN, ) | |
| P. DINTELMAN, ANGIE BRUNS, ) | |
| DR. SHEPARD, DR. WAHL, ) | |
| DR. SHAH, CRISEY FENTON, ) | |
| SHERRIE L. PERKINS, ) | |
| LUKE HARTIGAN, E. BECKY, ) | |
| DONAL GAETZ, JACLYN O'DAY, ) | |
| UNIVERSITY OF IL MEDICAL CENTER, ) | |
| LANNE MAES, and ) | |
| SUZANN GRISWALD BAILEY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**REAGAN, District Judge:**

Plaintiff Anthony Wheeler, an inmate in the custody of the Illinois Department of Corrections currently housed at Danville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights.  At this juncture, Plaintiff's Second Amended Complaint (Doc. 14) controls.  Among many claims, Wheeler alleges that between November 7, 2005 and July 27, 2011, while he was housed at Pinckneyville Correctional Center

1

within this Judicial District, various prison officials and healthcare providers were deliberately indifferent to his golf-ball-size hemorrhoids, leaving him in serious pain. The Second Amended Complaint further indicates that the alleged failure to treat is ongoing.

While this case was awaiting threshold review in accordance with 28 U.S.C. § 1915A, Wheeler moved for a preliminary injunction seeking surgery—which was apparently recommended by at least one physician but was ultimately denied in favor of "conservative" treatment (Docs. 3, 15, 17, 19[1]). This Court denied injunctive relief, and Wheeler took an interlocutory appeal. In an opinion dated July 23, 2012, the Court of Appeals for the Seventh Circuit vacated the order denying injunctive relief and remanded the matter with specific instructions that the district court immediately authorize service of process on "all defendants involved in the treatment of Wheeler's hemorrhoids." *Anthony Wheeler v. Wexford Health Sources, Inc.,* No. 12-1806 (7th Cir. Jul. 23, 2012).

The appellate court recognized a facially cognizable Eighth Amendment claim for deliberate indifference to a serious medical need relative to the treatment of Plaintiff Wheeler's hemorrhoids and directed this Court to allow the relevant defendants "a short time" to respond to the motion for preliminary injunction, and to then "promptly" conduct an evidentiary hearing to determine whether Wheeler is entitled to injunctive relief. The Seventh Circuit also observed that medical experts may be required, and the appointment of counsel to represent Wheeler should be considered. On a parallel course of action, this Court must also complete the threshold review of the Second Amended Complaint, paying particular attention to whether all of the defendants and claims asserted are properly joined in accord with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), and Federal Rules of Civil Procedure 18(a) and 20(a)(1)(A).

---

[1] Plaintiff's multiple motions (Docs. 3, 15, 17) and single memorandum in support (Doc. 19) are construed as a single motion.

Ten defendants named in the Second Amended Complaint fall within the parameters set by the Seventh Circuit and are possibly proper respondents for purposes of injunctive relief. The fact that Wheeler is no longer housed and being treated at Pinckneyville Correctional Center further complicates matters, but by effecting service of summons, along with the Second Amended Complaint and other pertinent pleadings, the Court will be able to address the merits of the motion for injunctive relief. For purposes of injunctive relief, the Court construes the Second Amended Complaint (Doc. 14) as asserting the following claim[2]:

> Count 1
> Between November 7, 2005, and July 27, 2011, while Plaintiff Anthony Wheeler was in the custody of the Illinois Department of Corrections, housed at Pinckneyville Correctional Center, and continuing to date, **Wexford Health Sources, Inc., Dennis Larson, Christine Brown, Angel Rector, Louis Shicker, R. Shute, Dr. Agrawal, G. Taylor, O. Obadina and S.A. Godinez** were deliberately indifferent to Wheeler's serious medical need—his golf-ball-size, bleeding hemorrhoids—in violation of the Eighth Amendment to the United States Constitution.

Consistent with the directives of the Court of Appeals, the defendants shall enter their respective appearances in this action <u>and</u> file their respective responses to the motion for injunctive relief by **August 30, 2012**.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff Wheeler's motion for injunctive relief (Docs. 3, 15, 17) is hereby **REFERRED** to United States Magistrate Judge Stephen C. Williams for an evidentiary hearing and issuance of a report and recommendation. The period for filing any objections to Judge Williams' report and recommendation shall not exceed **7 days** from the date of the report. Consistent with the

---

[2] At this point in time, the Court is merely framing this single issue in accordance with the notice pleading standard required by Federal Rule of Civil Procedure 8(a)(1). The Second Amended Complaint contains a myriad of more specific factual allegations, which the Court will not reiterate in this order. Again, in accordance with 28 U.S.C. § 1915A, the Court will offer a more thorough analysis of the Second Amended Complaint by separate order.


Seventh Circuit's directive, Judge Williams shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the defendants' responses to the motion for injunctive relief. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

A review of the record reveals that Plaintiff Wheeler previously moved for, but was denied appointed counsel (Docs. 5, 12, 12, 13). Furthermore, Wheeler has filed three similar motions seeking appointment of a medical expert to testify regarding the seriousness of his medical needs and the necessity of surgery (Docs. 18, 23, 46). There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Santiago v. Walls*, 599 F.3d 749, 760-761 (7th Cir. 2010); *see also Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); 28 U.S.C. § 1915(d).

The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a twelve-month period. SDIL-LR 83.1(i). The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *Greeno v. Daley,* 414 F.3d 645, 658(7th Cir. 2005); *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). The Court of Appeals for the Seventh Circuit clarified in *Satiago v. Walls* that the relevant inquiry is whether, in light of the totality of the circumstances, the difficulty of the case

exceeds the particular plaintiff's capacity as a layperson to coherently litigate the case– pretrial and at trial. *Santiago,* 599 F.3d at 762-764.

Plaintiff Wheeler has already been deemed indigent (Doc. 10). He has unsuccessfully sought to secure representation (*see* Doc. 12). Although Wheeler has amply demonstrated that he can articulate his claims, present relevant legal arguments and reasonably comply with the procedural intricacies of litigation, the medical issues in this particular case, the interests of judicial economy and the swift resolution of this action all weigh in favor of appointing counsel to represent Plaintiff. Counsel will undoubtedly be able to more succinctly plead and present Plaintiff's claims. Therefore, pursuant to Local Rule 83.1(i), attorney **Jay L. Kanzler**, of Witzel, Kanzler, Dimmitt, Kenney & Kanzler, L.L.C., 2001 S. Big Bend Blvd., St. Louis, Missouri 63117, is hereby **APPOINTED** to represent Plaintiff Wheeler for all further proceedings *in this case and in this Court only*. The Clerk of Court is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to Attorney Kanzler immediately.

Attorney Kanzler shall formally enter his appearance in this case on or before **August 1, 2012**, and shall contact Plaintiff Wheeler as soon as possible. Plaintiff is hereby **GRANTED** leave to file a Third Amended Complaint, if counsel deems amendment appropriate. If Plaintiff's counsel desires to amend the current motion for preliminary injunction, he should move to do so as soon as possible.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of this Court and the law. If Plaintiff wants to remain represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel,** *except* a pleading that asks that he be allowed

to have counsel withdrawn from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.  Because Plaintiff Wheeler is proceeding *in forma pauperis*, if there is a monetary recovery in this case, **any unpaid out-of-pocket costs must be paid from the proceeds.** *See* **SDIL LR 3.1(c)(1).**  If there is no recovery (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.  The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  For limitations on the reimbursement of out-of-pocket expenses, Plaintiff's counsel should refer to Rule 2.6 of the District Court Fund Plan at http://www.ilsd.uscourts.gov/Forms/AdminOfDistrictCourtFund.pdf.  Counsel should also broach this subject with Judge Williams.  The Court has no authority to pay attorney's fees in this case.  **Counsel is encouraged to enter into a contingent fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail.**

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections (IDOC) at Danville Correctional Center.  Information about the facility is located at www.idoc.state.il.us.  The Court expects that counsel may use the IDOC's videoconferencing system, if available at Danville, to confer with Plaintiff.  The Court asks the Assistant Illinois State Attorney General who inevitably will be assigned to this case to help facilitate those arrangements.

Regarding Plaintiff's *pro se* motions for appointment of a medical expert, those motions (Docs. 18, 23, 46) are hereby **DENIED, without prejudice**, so as to enable appointed counsel to best determine how to proceed.

The United States Marshals Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure 4(e) to effect service. The Clerk is **DIRECTED** to (1) issue summons as to Defendants **Wexford Health Sources, Inc., Dennis Larson, Christine Brown, Angel Rector, Louis Shicker, R. Shute, Dr. Agrawal, G. Taylor, O. Obadina and S.A. Godinez**, (2) prepare, on Plaintiff's behalf, a form USM-285 for Defendants **Wexford Health Sources, Inc., Dennis Larson, Christine Brown, Angel Rector, Louis Shicker, R. Shute, Dr. Agrawal, G. Taylor, O. Obadina and S.A. Godinez**, and (3) deliver service packets to the United States Marshal Service for Defendants **Wexford Health Sources, Inc., Dennis Larson, Christine Brown, Angel Rector, Louis Shicker, R. Shute, Dr. Agrawal, G. Taylor, O. Obadina and S.A. Godinez**, consisting of the completed summons, a USM-285 form, a copy of the Second Amended Complaint (Doc. 14), copies of Plaintiff's motion(s) for injunctive relief and supporting memorandum (Docs. 3, 15, 17, 19), a copy of the Court of Appeals July 23, 2012, opinion in *Anthony Wheeler v. Wexford Health Sources, Inc.,* No. 12-1806 (Doc. 20) (7th Cir. Jul. 23, 2012), and a copy of this Order.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **Wexford Health Sources, Inc., Dennis Larson, Christine Brown, Angel Rector, Louis Shicker, R. Shute, Dr. Agrawal, G. Taylor, O. Obadina and S.A. Godinez** the summons, a copy of the Second Amended Complaint (Doc. 14), copies of Plaintiff's motion(s) for injunctive relief and supporting memorandum (Docs. 3, 15, 17, 19), a copy of the Court of Appeals July 23, 2012 opinion in *Anthony Wheeler v. Wexford Health Sources, Inc.,* No. 12-1806 (Doc. 20) (7th Cir. Jul. 23, 2012), and a copy of this Order.   All costs of service shall be advanced by the

United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

**IT IS SO ORDERED.**

**DATED:  July 24, 2012**        s/ *Michael J. Reagan*
                                 **MICHAEL J. REAGAN**
                                 **UNITED STATES DISTRICT JUDGE**