IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.  11-CV-0839-MJR-SCW |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| DENNIS LARSON, CHRISTINE BROWN, | ) | |
| ANGEL RECTOR, LOUIS SHICKER, | ) | |
| R. SHUTE, RANDY DAVIS, | ) | |
| ROD BLAGOHEVICH, DR. AGRAWAL, | ) | |
| BRENDA PAULSMEYER, MARY DOLCE, | ) | |
| G. TAYLOR, K. DEEN, | ) | |
| SHERRY BENTON, O. OBADINA, | ) | |
| ADMINISTRATIVE REVIEW BOARD, | ) | |
| PAT QUINN, S. A. GODINEZ, | ) | |
| JANET ROBERTS, ROBERTA FEWS, | ) | |
| H. BRYANT, NURSE MELVIN, | ) | |
| P. DINTELMAN, ANGIE BRUNS, | ) | |
| DR. SHEPARD, DR. WAHL, | ) | |
| DR. SHAH, CRISEY FENTON, | ) | |
| SHERRIE L. PERKINS, | ) | |
| LUKE HARTIGAN, E. BECKY, | ) | |
| DONAL GAETZ, JACLYN O'DAY, | ) | |
| UNIVERSITY OF IL MEDICAL CENTER, | ) | |
| LANNE MAES, and | ) | |
| SUZANN GRISWALD BAILEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**REAGAN, District Judge:**

Plaintiff Anthony Wheeler, an inmate in the custody of the Illinois Department of

Corrections currently housed at Danville Correctional Center, brings this action pursuant to 42

U.S.C. § 1983 for deprivation of his constitutional rights.   At the time Plaintiff filed this action,

he was housed in the Danville Correctional Center ("Danville").   However, his claims arose

during his incarceration in Pinckneyville Correctional Center ("Pinckneyville").  Plaintiff is

serving a 27-year sentence on several robbery offenses.

Pursuant to the order of the Seventh Circuit remanding this case after an interlocutory

appeal, Count 1 of Plaintiff's complaint, along with the pending motions for injunctive relief,

have already been referred to United States Magistrate Stephen C. Williams for further

proceedings (Doc. 53).  *See Anthony Wheeler v. Wexford Health Sources, Inc.,* No. 12-1806 (7th

Cir. Jul. 23, 2012).  The remainder of Plaintiff's claims are now before the Court for a

preliminary review pursuant to 28 U.S.C. § 1915A.  Upon careful review of the complaint and

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A;

portions of this action are subject to summary dismissal.

## The Complaint

The following summary of facts is taken from Plaintiff's Second Amended Complaint

(Doc. 14).  From November 2005 through July 27, 2011, Plaintiff suffered from two golf-ball

size bleeding hemorrhoids, which caused him constant, excruciating pain.  The bleeding has been

so severe that Plaintiff had to resort to wearing a "makeshift sanitary napkin" made from toilet

paper, to absorb the bleeding that occurs during normal daily activities, such as  bending,

walking and sitting (Doc. 14, p. 4).  After Defendant Dr. Obadina refused to recommend surgery

to correct the problem, Plaintiff made numerous requests for treatment to various Defendants.

Defendant Shicker referred Plaintiff to an outside specialist for a colonoscopy, which was

performed on October 28, 2010, by Dr. Leyland Thomas (Doc. 14, p. 2).  Dr. Thomas

recommended immediate surgery.

Upon Plaintiff's return to Pinckneyville, however, he was informed by Defendants

Rector, Larson and Brown that the surgery had been disapproved as too costly.  Further, they

threatened to put Plaintiff into punitive segregation and confiscate his typewriter if he persisted

in filing grievances and complaints.  Soon after, on November 1, 2010, Plaintiff was seen by

Defendant Dr. R. Shute, who also recommended surgery.  However, as of the date Plaintiff

submitted the operative complaint on November 7, 2011 (over one year later, and more than

three months after he had been transferred to Danville), no surgery had been performed.  Instead,

Plaintiff's hemorrhoids were treated with over-the-counter remedies, which he alleges have only

worsened his condition.

Despite the threat of segregation, Plaintiff continued to file written grievances over the

denial of medical care.  Defendants Dolce, Taylor, Paulsmeyer, Deen, Benton, and Davis denied

each one (Doc. 14, pp. 3-4).

Plaintiff further contends that the prison diet, which contains significant amounts of soy

products, has contributed to the worsening of his hemorrhoids, as well as caused him other

complications.  Those symptoms included chronic constipation, painful digestion, bleeding

during bowel movements, vomiting, rashes, acne, fatigue, weight gain, feeling cold all the time,

and infection with "H. plori"[1] (Doc. 14, pp. 4, 9).  Plaintiff's research has disclosed that

Defendant "Blagohevich" (correctly spelled Blagojevich), the former Illinois Governor,

implemented a change in the prison diet in January 2003 to save money by using soy products in

place of meat and cheese, and adding soy flour or soy protein to baked goods.  Plaintiff has

requested a non-soy diet from Defendants O'Day, Shicker, Quinn, Taylor, Dintelman, Davis,

Brown, Larson, Bryant and Wexford Health Sources, Inc. ("Wexford"), but his requests have

---

[1] The Court presumes Plaintiff refers to helicobacter pylori (H. pylori), which, according to the Centers
for Disease Control, is a bacterium found in about 2/3 of the world's population.  In many people, it
causes no symptoms, however, in others, the infection causes gastritis and ulcers. Infected persons also
have an increased risk of developing gastric cancer and a type of lymphoma.  *Helicobacter Pylori and
Peptic Ulcer Disease – The Key to Cure*, Centers for Disease Control, Division of Bacterial Diseases,
http://www.cdc.gov/ulcer/keytocure.htm (last visited August 6, 2012).

been denied, as have Plaintiff's grievances over the refusal to provide a soy-free diet (Doc. 14, pp. 4, 7).  He also claims that Defendants Rector, Shute, Agrawal, Paulsmeyer, Dolce, Deen, Obadina, Godinez, Roberts, Melvin, Bruns, Shepard, Wahl, Shah, Benton, Hartigan, Becky, Gaetz and Fews were involved in the denial of his requests for a soy-free diet (Doc. 14, p. 9).

When Plaintiff learned that long term consumption of soy products could lead to a "severe life threatening bacterial infection known as H. plori [sic]," he requested medical testing from Defendant Wexford.  He in fact tested positive for H. pylori (Doc. 14, pp. 6-7).  However, he also learned that Defendants Perkins and Bruns had known of his test results but deliberately withheld that information from him after they were informed Plaintiff had filed grievances regarding the matter.  He claims that Defendants Wexford, Larson, Brown, Rector, Shicker, Shute, Agrawal, Roberts, Fews, Melvin, Dintelman, Bruns, Shepard, Wahl, Shah, Fenton, Hartigan, Becky, Blagojevich, Obadina, Deen, Paulsmeyer, Davis, Benton, Godinez, O'Day, University of Illinois Medical Center, Lanne Maes, Griswald Bailey and Quinn, knew or should have known that Plaintiff was a carrier of H. pylori, and deliberately refused to adequately treat this bacterial infection.

Based on these factual allegations, Plaintiff asserts that Defendants were deliberately indifferent to his needs for medical care for his hemorrhoids and bacterial infection, inflicted cruel and unusual punishment on him by forcing him to eat soy products, violated his right to equal protection of the law by denying him medical care and spreading rumors that homosexual behavior caused his hemorrhoids, violated his rights to redress of grievances and access to the courts, and retaliated against him by threatening him with segregation and loss of his typewriter if he persisted in filing grievances (Doc. 14, pp. 10-14).  He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

In addition to the second amended complaint, Plaintiff has filed a motion for leave to supplement his complaint to add additional Defendants (Doc. 38), as well as two motions (Docs. 45 and 47) seeking leave to amend his complaint to add state law claims, and a motion to supplement the record (Doc. 50). As shall be explained in more detail below, these motions shall be denied without prejudice. Plaintiff's recently appointed counsel has been granted leave to file a Third Amended Complaint if he deems it appropriate to do so (Doc. 53), and may include additional Defendants and/or state law claims if necessary.

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into six counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Count 1 - Deliberate Indifference to Serious Medical Need – Hemorrhoids

In this Court's order of July 24, 2012 (Doc. 53), this count against Wexford, Larson, Brown, Rector, Shicker, Shute, Agrawal, Taylor, Obadina and Godinez was referred to United States Magistrate Judge Stephen C. Williams for further proceedings, and summons has been issued to each of these Defendants.

## Count 2 - Deliberate Indifference to Serious Medical Need – Bacterial Infection

Plaintiff has been confirmed to be infected with the H. pylori bacterium. Although the mere fact that a person harbors this infection may not warrant treatment, Plaintiff's digestive symptoms may indicate that he has a serious medical need for treatment as a result of this infection. If so, the medical provider Defendants' failure to provide any treatment may constitute deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v.*

*Lingle*, 223 F.3d 605, 619 (7th Cir. 2000); *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.

1997).  Accordingly, Plaintiff's claim against Defendants Wexford, Larson, Brown, Rector,

Shicker, Shute, Agrawal, Obadina, Roberts, Melvin, Bruns, Shepard, Wahl, Shah, Fenton, Becky

and Godinez shall receive further consideration.

However, there is no basis to conclude that the non-medical-provider Defendants were

deliberately indifferent to Plaintiff's alleged need for treatment.  *Arnett v. Webster*, 658 F.3d

742, 755 (7th Cir. 2011); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  Nor can those

Defendants in supervisory roles be held liable in a § 1983 action for the deliberate indifference of

their subordinates, absent personal involvement in the constitutional deprivation, which has not

been pleaded.  *Burks*, 555 F.3d at 596; *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.

2001).  Additionally, those Defendants who are, or are employed by, private entities, are not

"state actors" and cannot be held liable for alleged constitutional violations in a § 1983 action.

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs.,*

*Inc.,*, 311 F.3d 851, 852-53 (7th Cir. 2003).  Accordingly, Plaintiff cannot maintain a claim for

deliberate indifference to his bacterial infection against Defendants Fews, Dintelman, Hartigan,

Blagojevich, Deen, Paulsmeyer, Davis, Benton, O'Day, University of Illinois Medical Center or

Quinn.  Dismissal shall be without prejudice.

As for Defendants Maes and Griswald Bailey, Plaintiff provides no information in the

operative complaint as to who these individuals are, who employs them, or what personal

involvement they may have had in the lack of treatment for his infection, thus the complaint does

not contain sufficient information for the Court to assess their potential liability.  This claim

against them shall therefore be dismissed without prejudice.

**Count 3 – Cruel and Unusual Punishment – Soy Diet**

Plaintiff asserts that the high amount of soy products in the prison diet has worsened his hemorrhoid condition, may have caused his H. pylori infection, and has caused him other digestive and medical problems.  Several of the Defendants have denied his requests to be placed on a soy-free diet.  To sustain an Eighth Amendment claim, Plaintiff must ultimately show that Defendants were aware of a serious risk posed by the soy diet, and they failed to take steps to mitigate that risk.  *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  Plaintiff alleges that he requested Defendants O'Day, Shicker, Quinn, Taylor, Dintelman, Davis, Brown, Larson, Bryant and Wexford approve a soy-free diet for him, but each of them refused.  In addition, the medical-provider Defendants, namely Rector, Shute, Agrawal, Obadina, Roberts, Melvin, Bruns, Shepard, Wahl, Shah and Becky, may have had personal involvement in the denial of Plaintiff's request for a soy-free diet.  Therefore, the claims against these Defendants as well as IDOC Director Godinez shall receive further review.

However, the complaint fails to state a claim against those Defendants who merely reviewed or denied Plaintiff's grievances over his soy-free diet requests.  *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008).  Thus, the claims in Count 3 against Defendants Paulsmeyer, Dolce, Deen, Benton, Hartigan, Gaetz and Fews shall be dismissed.  Likewise, although Defendant Blagojevich may have promulgated the policy to include soy products in the prison diet, Plaintiff's allegations indicate only that this was a cost-saving move, and are insufficient to indicate an Eighth Amendment violation on his part.

**Count 4 – Denial of Grievances & Access to Courts**

As noted above, the alleged mishandling of grievances "by persons who otherwise did

not cause or participate in the underlying conduct states no claim." *Owens*, 635 F.3d at 953 (7th

Cir. 2011).  *See also Grieveson*, 538 F.3d at 772 n.3; *George v. Smith*, 507 F.3d 605, 609 (7th

Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Furthermore, none of

Plaintiff's allegations describe any denial of access to the courts, or any detriment to a

meritorious action.  *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Marshall v. Knight*, 445

F.3d 965, 968 (7th Cir. 2006).  Accordingly, Plaintiff fails to state a claim upon which relief may

be granted, and this count shall be dismissed with prejudice.

**Count 5 – Retaliation**

Although Plaintiff complains that Defendants Rector, Larson and Brown threatened to

put him into segregation and confiscate his typewriter if he did not cease filing grievances and

complaints, Plaintiff was clearly undeterred from this First Amendment activity.  Moreover, the

threats were never carried out.  No adverse retaliatory action was taken against Plaintiff, and the

mere threat of retaliation does not state a claim.  *See Higgs v. Carver*, 286 F.3d 437, 439 (7th

Cir. 2002); *see also Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).  Therefore, this count

shall be dismissed with prejudice.

**Count 6 – Equal Protection**

Plaintiff's "equal protection" claim has two parts.  First, he was denied adequate medical

care by Defendants Wexford, Obadina, Larson, Brown and Rector.  Secondly, these Defendants

spread rumors among the prison population that his hemorrhoids were caused by engaging in

homosexual acts, which put him in danger of being attacked as well as discriminated against.

The aspect of this claim alleging that Plaintiff's right to equal protection was violated

when he was denied medical treatment is duplicative of his deliberate indifference claims, and

shall be dismissed.  *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005).

As to the alleged spreading of rumors that Plaintiff is homosexual, it is certainly possible that such talk might expose him to increased danger in the general prison population. However, Plaintiff offers only bald speculation. He does not allege that he has been harmed or even threatened by other inmates as a result of the alleged rumors, thus he cannot sustain a constitutional claim. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). It is also significant that following the incidents described in the complaint, Plaintiff has been transferred to another prison, away from the Defendants who spread the rumors.

To summarize, Plaintiff fails to state a claim for any equal protection violation, and this count shall be dismissed.

**Pending Motions**

**A. First Amended Motion for Emergency Declaratory Judgment and Re-Introduction and Emphasis of Exhibits (Doc. 16)**

In this motion, Plaintiff refers to a prior motion for emergency declaratory judgment he claims to have filed on January 17, 2012, along with attached exhibits. However, no such prior motion or exhibits appear on this Court's docket. The "first amended motion" reiterates and realleges the facts in his *initial* §1983 complaint, which by the time Plaintiff filed this motion, had been superseded by his second amended complaint (Doc. 14).

In addition, it is not clear what relief Plaintiff seeks other than a declaration that Defendants violated his constitutional rights by failing to treat his hemorrhoids. Because this is an ultimate issue in the case that cannot be resolved without an evidentiary hearing or a trial, the issuance of a declaratory judgment at this stage of the case would be premature. Accordingly, Plaintiff's motion (Doc. 16) is **DENIED.**

**B. Motion for Leave to Supplement Complaint and Add Additional Defendants Instanter (Doc. 38)**

Along with this motion, Plaintiff submitted a four-page "proposed supplemental complaint" and eight pages of exhibits. In the proposed complaint, he describes an incident that took place in April 2012 at Danville, and names three additional proposed Defendants who were involved in threatening Plaintiff with sanctions if he continued to write letters of complaint to the Governor and corrections officials. The proposed complaint contains only these allegations and does not incorporate any of the material in the operative complaint (Doc. 14). It alleges only that a threat was made toward Plaintiff, but does not state that he suffered any retaliatory action, thus, it is subject to dismissal for the same reasons stated in Count 5 above. Thus, Plaintiff's motion (Doc. 38) is **DENIED**, without prejudice to Plaintiff pursuing this claim in the future if indeed any retaliation took place.

**C. Motion to Amend Complaint of State Law (Doc. 45), and Motion to Exercise Supplemental Jurisdiction over State Law Medical Claims (Doc. 47)**

On June 12, 2012, while this case was on interlocutory appeal, Plaintiff submitted a "Complaint of State Law," which was construed as a motion to amend his complaint. This three-page proposed complaint "repeat [sic] adopts, reiterates and re-alleges" the statement of facts and supporting exhibits "in the initial 1983 complaint." However, none of the original factual allegations were set out in the proposed new complaint.

Similarly, on June 12, 2012, Plaintiff filed his motion (Doc. 47) requesting the Court to exercise supplemental jurisdiction over state law medical negligence claims which are supported by the factual allegations of the complaint and exhibits.

Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, it is not proper for a party to incorporate or refer to matters

contained only within the original complaint, as Plaintiff attempts to do in the "complaint of state

law." *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Furthermore, the Court will not accept piecemeal amendments to the original complaint.  For

these reasons, Plaintiff's motions (Docs. 45 and 47) are **DENIED**.  However, this denial is

without prejudice to counsel including state law claims in the Third Amended Complaint, if he

deems such claims to be appropriate.

### D. Motion to Supplement the Record (Doc. 50)

Finally, again while this case was on appeal, Plaintiff submitted his motion to supplement

the record, and tendered thirteen pages of proposed exhibits.  Although such exhibits are not

necessary while the case is awaiting initial review pursuant to § 1915A, there is nothing

improper about this request.  However, in consideration that counsel has just recently been

appointed in this case, and has been granted leave to amend the operative complaint, the motion

is **DENIED** without prejudice to counsel submitting any exhibits deemed appropriate, along with

the amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 4, 5** and **6** fail to

state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.

Defendants **BLAGOJEVICH, PAULSMEYER, DOLCE, DEEN, BENTON,**

**ADMINISTRATIVE REVIEW BOARD, FEWS, PERKINS, HARTIGAN, GAETZ,**

**UNIVERSITY OF ILLINOIS MEDICAL CENTER, MAES,** and **GRISWALD BAILEY** are

**DISMISSED** from this action without prejudice.  **COUNTS 1, 2** and **3** shall receive further

consideration.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **DAVIS, QUINN, ROBERTS, BRYANT, MELVIN, DINTELMAN, BRUNS, SHEPARD, WAHL, SHAH, FENTON, BECKY** and **O'DAY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Summons has already been issued for Defendants **WEXFORD, LARSON, BROWN, RECTOR, SHICKER, SHUTE, AGRAWAL, TAYLOR, OBADINA** and **GODINEZ**.  The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to each of these Defendants at his or her place of employment as identified by Plaintiff.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), Counts1, 2 and 3 of this action are **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

**IT IS SO ORDERED.**

**DATED:  August 13, 2012**

                                        s/ *Michael J. Reagan*
                                        **MICHAEL J. REAGAN**
                                        **UNITED STATES DISTRICT JUDGE**