IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WHEELER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0839-MJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., DENNIS LARSON, CHRISTINE BROWN, ANGEL RECTOR, LOUIS SHICKER, R. SHUTE, RANDY DAVIS, DR. AGRAWAL, G. TAYLOR, O. OBADINA, PAT QUINN, S.A. GODINEZ, JANET ROBERTS, H. BRYANT, NURSE MELVIN, P. DINTELMAN, ANGIE BRUNS, DR. SHEPARD, DR. WAHL, DR. SHAH, CRISEY FENTON, E. BECKY, and JACLYN O'DAY, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

Before the Court are Plaintiff Anthony Wheeler's three related motions for a preliminary injunction (Docs. 3, 15 and 17), as well as the Report and Recommendation of United States Magistrate Judge Stephen C. Williams, recommending that the three motions be denied. No objections to the Report and Recommendation have been filed.

In September 2011, Anthony Wheeler, an inmate in the custody of the Illinois Department of Corrections, proceeding pro se, initiated this action pursuant to 42 U.S.C. § 1983 for deprivation of his constitutional rights. Plaintiff Wheeler's Second Amended Complaint (Doc. 14) now controls.

1

Wheeler's claims arose during his incarceration in Pinckneyville Correctional Center ("Pinckneyville"), which concluded July 27, 2011, when he was transferred. According to the Second Amended Complaint, since November 2005 Plaintiff has suffered from two golf ball size bleeding hemorrhoids, which caused him constant, excruciating pain. Plaintiff asserts that Defendants were deliberately indifferent to his needs for medical care for his hemorrhoids and bacterial infection, inflicted cruel and unusual punishment on him by forcing him to eat soy products (exacerbating his condition), violated his right to equal protection of the law by denying him medical care and spreading rumors that homosexual behavior caused his hemorrhoids, violated his rights to redress of grievances and access to the courts, and retaliated against him by threatening him with segregation and loss of his typewriter if he persisted in filing grievances (Doc. 14, pp. 10-14). He seeks declaratory and injunctive relief as well as compensatory and punitive damages.

Preliminary injunctive relief relative to medical care (preferably surgery) was denied and Plaintiff Wheeler filed an interlocutory appeal. The Court of Appeals for the Seventh Circuit reversed the ruling and remanded the issue to the district court. *See Anthony Wheeler v. Wexford Health Sources, Inc.* (No. 12-1806), 689 F.3d 680 (7th Cir. Jul. 23, 2012). Wheeler's motions for injunctive relief were referred to United States Magistrate Judge Stephen C. Williams for further proceedings, including an evidentiary hearing. Also, Counsel was appointed to represent Plaintiff Wheeler.

On September 14, 2012, Judge Williams conducted an evidentiary hearing (Doc. 139). Plaintiff Wheeler and Dr. Paul Talbot (who is not a defendant in this action) testified; documentary evidence, consisting primarily of Plaintiff's medical records, was also received (Doc.

135). On September 21, 2012, Judge Williams issued a Report and Recommendation containing findings of fact and proposed conclusions of law—recommending the motions for injunctive relief be denied (Doc. 138).

> "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Relative to Wheeler's underlying Eighth Amendment claim:

> A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.

*Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir.2012) (internal citations and quotations omitted).

Put succinctly, Judge Williams concluded that, although Wheeler has presented a cognizable Eighth Amendment claim for deliberate indifference to a serious medical need, at this juncture the evidence only reflects possible negligence; furthermore, based on the medical evidence, only a *possibility* of irreparable harm has been shown, particularly because Wheeler has been receiving regular medical care since his transfer to Danville Correctional Center. The characterization of the hemorrhoids as being golf ball size was, perhaps, a bit of an exaggeration, and the evidence shows that the situation is not constant, as suggested. Wheeler's hemorrhoids follow a remitting and relapsing pattern, where the hemorrhoids, when not thrombosed, are painless, flattened "skin tags" measuring three-quarters of an inch and half a centimeter in diameter, respectively. Although it appears Wheeler had a significant flare-up as recently as

August 2012, requiring he stay in the infirmary for two weeks, the evidence makes clear that when he has requested treatment at Danville, treatment decisions have been based on medical considerations, with no evidence of deliberate indifference.

Both the Report (Doc. 138, p. 13) and a separate Notice attached thereto (Doc. 138-1) advised the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" within ten days. No objections were filed by the parties, no extension of the deadline was sought, and the period in which such objections may be filed has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986). The Court, however, has thoroughly reviewed the transcript of the evidentiary hearing, the documentary evidence and Judge Williams' Report. Judge Williams' findings of fact, conclusions of law and recommendation are sound.

Accordingly, the undersigned District Judge **ADOPTS in its entirety** Judge Williams' Report and Recommendation (Doc. 138), and **DENIES** Plaintiff Wheeler's three motions for preliminary injunctive relief (Docs. 3, 15 and 17).

**IT IS SO ORDERED.**

**DATED: October 16, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**